EXHIBIT "A"

2010 OCT 27  AM 10: 13

FILED BY_____

Todd F. Anderson (#12432)
Jessica L. Anderson (#13132)
Anderson Law Center, P.C.
PO Box 183
54 South 300 East
Delta, UT 84624
Telephone: 435-864-4357
Facsimile: 435-864-4358
todd@deltaattorney.com
jessica@deltaattorney.com

*Attorneys for the Plaintiff*

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
## OF THE STATE OF UTAH, IN AND FOR THE COUNTY OF MILLARD

| | |
|---|---|
| ANDERSON LAW CENTER, P.C., and TYLE PETERSON and CALLIE PETERSON, | |
| Plaintiffs, | **VERIFIED COMPLAINT** |
| v. | Civil No. 100700194 PR |
| BAC HOME LOANS SERVICING, L.P. a/k/a Bank of America, RECONTRUST COMPANY, N.A., | Judge: _____ |
| Defendants. | |

COMES NOW, ANDERSON LAW CENTER, P.C. and TYLE PETERSON and CALLIE

PETERSON (hereinafter collectively the "Petersons"), Plaintiffs, complaining of BAC HOME

LOANS SERVICING, L.P. (BAC) and RECONTRUST COMPANY, Defendants in Plaintiff's

Complaint and for cause of action would respectfully show the Court as follows:

## I.   PARTIES , SERVICE, JURISDICTION, and Venue

1. Plaintiff, Anderson Law Center, P.C. is a Utah professional corporation with its principal place of business in Delta, Utah, in the county of Millard, State of Utah.

2. Plaintiffs Tyle and Callie Peterson are husband and wife who are citizens of the State of Utah and reside in Millard County.

3. Defendant BAC Home Loans Servicing, L.P. (hereinafter "BoA") is believed to be a California limited partnership registered to do business in Utah and has appointed C T Service of Process at 136 E. South Temple, Suite 2100, Salt Lake City, UT 84111 as its registered agent.

4. Plaintiff is currently unaware of Defendant ReconTrust Company's entity status and after diligent search, Plaintiffs were unable to find it as being registered to do business in Utah.

5. Based upon information and belief, ReconTrust's principle place of business is located at 2380 Performance Dr., TX2-985-07-03, Richardson, Texas 75082.

6. Based upon information and belief, ReconTrust is a wholly owned subsidiary of BoA.

7. This action is based largely upon a parcel of real property that is situated in Millard County and is commonly known as 4080 West 2000 South, Hinckley, UT 84635.

8. Jurisdiction and venue is proper in Millard County pursuant to Utah Code Ann. § 78B-3-301, as the action involves real property situated in Millard County; §78B-3-304(1) as this action relates to a contract dealing with real property situated in Millard County; §78B-3-307(1)(a) as the cause of action arose in Millard County.

## II.   RESPONDEAT SUPERIOR

9.  Whenever in this Complaint it is alleged that Defendants did, or failed to do, any act, thing and/or omission, it is meant that Defendants itself or its agents, officers, servants, employees, vice principals, or representatives either did or failed to so such act, thing and/or omission, and it was done with the full authorization or ratification of Defendants, and/or done in the normal routine, course and scope of the agency or employment of Defendants or its agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of Defendants.

## III.   FACTUAL ALLEGATIONS

10. As of October 26, 2010 and for several years prior, Plaintiffs Tyle and Callie Peterson were and are titled owners of property located at 4080 West 2000 South, Hinckley, UT 84635 (hereinafter referred to as the "Property").

11. Plaintiffs Peterson belief that they granted to BoA, as creditor to a loan which the Petersons were debtors, a mortgage or trust deed and believe the current loan number associated with such security interest as assigned by BoA is 140491867-2 (hereinafter "BoA Loan").

12. The Property is developed with among other things, a single family dwelling. In December of 2009, the Petersons suffered a ruptured water pipe due to water freezing inside the dwelling. The Petersons were out of town for several days after the pipe burst and the water damage to the home was catastrophic.

13. The Petersons had maintained an insurance policy on the home and Property through American National Property and Casualty Company (ANPAC). Claims made on the policy for the damages to the home were initially denied by ANPAC.

14. In January of 2010, the Petersons retained attorney Todd F. Anderson of Anderson Law Center, P.C. to assist them in pursuing their claim against ANPAC for the damage to the home.

15. Due to financial difficulty and other reasons not relevant to this action, the Petersons failed to make monthly payments as they came due on the BoA loan beginning in January of 2010.

16. In June 2010, the Petersons received Notice of Default and Election to Sell the Property from ReconTrust Company, acting as an agent of BAC.

17. It is Plaintiff's belief that execution and dispatch of such Notice of Default and Election to Sell the Property was within BoA's rights under a purported contract or security agreement associated with the BoA Loan and a valid contract between BoA and the Petersons.

18. On June 18, 2010, Todd Anderson with Anderson Law Center notified Bank of America of the destroyed Property and his belief that a pending insurance settlement with ANPAC would result in sufficient funds to satisfy the loan in full.

19. At that same time, Todd Anderson had collected approximately $51,949.71 from ANPAC and in the same communication to BoA offered those funds in an effort to reach a

mutually beneficial delay of the foreclosure proceedings and gain both the Petersons and BoA the benefits that would result from completing negotiations with ANPAC on the property damage claim. Following settlement, BoA's loan would have been paid in full, and the Petersons would have the Property free of BoA's encumbrance. (*See* Exhibit A; Letter from Todd F. Anderson to BoA apprising them of pending insurance settlement and proposed offer of compromise).

20. At the time BoA was offered a payment of $51,949.71, the payoff of the BoA Loan was approximately $63,169.35. BoA did not reply to this request and presumably continued with its efforts to foreclosure the Property.

21. After several months and much negotiation, ANPAC and the Petersons settled the property damage claim and on August 13, 2010, a Friday, Todd Anderson of Anderson Law Center, P.C. was in possession of bank drafts that totaled $84,026.16. (See Exhibit B; check stubs of the check

22. Due to BoA's interest in the insured Property and an attorney lien claimed on the insurance proceeds, the drafts were payable to Tyle and Callie Peterson and Bank of America and Todd F. Anderson.

23. In August, 2010 and after it was clear that a settlement had been reached with ANPAC, Todd Anderson contacted BoA's property claims department and offered to act with a Limited Power of Attorney from BoA to deposit the funds into Anderson Law Center's trust account and then submit a check from that account to satisfy the BoA Loan.

24. BoA refused this proposed procedure and instead insisted that the Petersons and Anderson Law Center, P.C. endorse the insurance checks and send them to BoA to be held by BoA.

25. It was explained to Todd Anderson that after receipt of the funds BoA would either pay contractor invoices produced for repairing the Property, or, upon request from the Petersons, pay the balance of the BoA Loan and return excess funds as instructed. It was further explained to Todd Anderson that such processing to pay off the loan and return the excess funds would take 10 to 14 business days, and that the payoff of the BoA Loan would be back dated to the date the funds were received.

26. On or about August 16, 2010, the Monday following Anderson's receipt of the insurance checks of the previous Friday, the checks, properly endorsed by the Petersons and Anderson, were mailed next day priority mail to BoA's property claims department as instructed, along with a letter from and signed by the Petersons clearly referencing the BoA Loan and instructing that the funds be used to satisfy the BoA Loan in full and that the excess funds were to be returned to the Petersons' legal counsel Todd Anderson. Also enclosed in the mailing was a letter from and signed by Todd Anderson reiterating the Petersons' instructions regarding the handling of the funds and clearly giving notice of lien claimed in the funds for payment of attorney fees. (*See* Exhibit C and D; Printouts of the original letters that are believed to currently be in the possession of Defendant.)

27. The insurance checks totaling $84,026.16, the Petersons' letter containing instructions for their handling, and Todd Anderson's letter giving BoA notice of Anderson Law Center's attorney lien were received by BoA on August 18, 2010. (*See* Exhibit E; USPS Return Receipt).

28. The loan payoff amount as of August 16, 2010 was $64,920.40. (*See* Exhibit F; Pay off Demand Statement produced by BoA valid through August 16, 2010).

29. As of October 26, 2010, despite being in possession of over $84,000 of the Peterson's insurance money and clear instructions for the handling of that money, BoA representatives assert to Anderson Law Center that the Loan has not been paid off.

30. Starting in September, 2010, representatives of Anderson Law Center, P.C. have made numerous telephone calls to BoA's property claims and foreclosure divisions to check the status of the payoff procedure, the excess proceeds, and generally and to request updates regarding BoA actions.

31. Starting in September of 2010, Anderson Law Center, P.C. has made verbal and written demand on BoA that the loan be paid off and the excess funds be returned.

32. On October 1, 2010, over seven weeks after the insurance checks were received by BoA, BoA continued taking decisive and affirmative steps towards foreclosure of the property including having the Petersons personally served a Notice of Trustee's Sale providing notice that the Property would be sold on November 4, 2010 at 1:00 PM at the main

entrance of the Millard County Court House. (*See* Exhibit G; Notice of Trustee sale showing date of service by Millard County Sheriff Office.)

33. The notice contained a signature block with a line for "Pam Davis, Team Member" of ReconTrust Company, N.A. The block also contained an address and telephone number, with extension, leading a reasonable reader to assume that the contact information was for the alleged signatory Pam Davis.

34. However, the Notice was unsigned in any way with no handwritten marks on the line designated for a signature.

35. Todd Anderson tried to contact Ms. Pam Davis using the telephone number and extension designated on the notice. During many of his efforts to be transferred to the extension number listed, no. 3436, his requests were repeatedly refused by representatives who answered, he was hung up on, or his call was otherwise disconnected. Todd Anderson was ultimately informed by a representative that answered at no. 800-281-8219 listed on the notice that the number was for ReconTrust, but there was no record of a Pam Davis working for the company and that the extension did not reach an actual telephone or individual.

36. As of October 26,2010, over 10 weeks after BoA's receipt of the insurance funds, the Property remains listed to be sold on a website located at:

http://www.recontrustco.com/upcoming_result_details.aspx?county=Millard which is

presumably maintained by Defendant RECONTRUST COMPANY, N.A.(*See* Exhibit H; Print out of the website listing the property for sale).

37. The Notice of Trustee's Sale has been publicized in the Deseret News newspaper for multiple weeks during the month of October.

38. BoA continues to add fees, costs, and interest to the BoA Loan. As of October 18, 2010 the balance of the loan was $66,687.35. (*See* Exhibit I; Payoff Demand Statement valid through October, 18, 2010).

39. All efforts to resolve this matter short of legal action and court assistance have failed. Written demands have gone unanswered and all telephonic efforts to reach an individual with authority from the Defendants to resolve the matter have been unsuccessful.

40. Plaintiffs believe the mishandling of their insurance funds and the continued foreclosure efforts despite BoA's possession of the Petersons' funds is either intentional or, in the alternative, grossly negligent.

## IV.   BREACH OF CONTRACT

41. Plaintiffs adopt the foregoing paragraphs one (1) through forty (40) fully herein as if repeated verbatim with respect to this cause of action of Breach of Contract.  For the purpose of this Cause of Action, and no other purpose, the Petersons assume that BoA owns a relevant promissory note and related contracts including a security interest in the Property (collectively still referred to as the "BoA Loan"). The Petersons reserve the right to demand proof of these facts if Defendants attempt to enforce the same.

42. Plaintiffs Peterson and Defendant BoA purportedly have a valid, enforceable contract.

43. Plaintiffs Peterson are presumably a proper party to sue for breach of the contract as a party to the contract.

44. Plaintiffs Peterson have provided to BoA funds greater than any calculable amount owing on the BoA Loan in the form of the insurance proceeds.

45. BoA accepted the insurance proceeds without objection.

46. BoA breached the contact by continuing foreclosure proceedings even after accepting funds sufficient to pay any calculable balance of the BoA Loan.

47. BoA breached the contract by not properly executing and filing a release of lien to the Property with the Millard County Recorder's office.

48. BoA breached the contract by misappropriating, misapplying, or otherwise mishandling the insurance funds, as a payment to the BoA Loan, in a reasonable manner or in good faith.

49. BoA breached the contract by failing to provide requested information to the Petersons, or their agent and legal counsel, Anderson Law Center, and by failing to comply with its duty of good faith and fair dealing, in violation of the Fair Debt Collection and Practices Act.

50. BoA's breach of contract has caused the Petersons injury.

## V.   FRAUD - FRAUDULENT MISREPRESENTATION

51. Pleading in the alternative, Plaintiffs adopt the foregoing paragraphs one (1) through fifty (50) fully herein as if repeated verbatim with respect to the cause of action of Fraud-Fraudulent Misrepresentation.

52. BoA represented to the Plaintiffs that their interests in the insurance proceeds would be safeguarded and protected. That the checks would be fully endorsed by BoA for deposit into a secure trust or escrow-type account. That upon proper instruction from the Petersons, the debtor of the BoA loan, the funds would be handled in an exact manner being payoff of the BoA Loan and return of the excess.

53. The statements and assurances made by BoA were material in the Plaintiffs' desision to endorse the checks and send them to BoA.

54. Statements made BoA regarding how the funds would be handled and the actions it would take upon receipt of the funds and instructions were apparently false as it has failed in nearly all regards to act on those assertions.

55. When BoA made the representations, BoA knew the representations were false, and/or BoA made the representations recklessly, as a positive assertion, and without knowledge of their truth.

56. Plaintiffs' relied on the assertions made by BoA in making their decision to endorse the insurance checks and send them BoA.

57. The assertions caused the Plaintiffs injury.

## VI.    WRONGFUL FORECLOSURE

58. Pleading in the alternative, Plaintiffs adopt the foregoing paragraphs one (1) through fifty-seven (57) fully herein as if repeated verbatim with respect to the cause of action of Wrongful Foreclosure.

59. Despite having in its possession an amount of the Petersons' money sufficient to pay off any calculable balance of the BoA Loan, BoA has instructed Defendant ReconTrust to continue foreclosure efforts of the Property.

60. Despite being notified that BoA has been supplied funds sufficient to satisfy the BoA Loan, ReconTrust has continued its foreclosure efforts of the Property.

61. Foreclosure documents filed with the Millard County Recorder's Office and served upon the Petersons were deficient and in violation of Utah Law.

62. Upon current information or belief of the Plaintiffs, Defendant ReconTrust is not properly registered or licensed with the state of Utah or properly positioned with sufficient contacts within the State of Utah to collect debts, serve as a trustee for a deed of trust, or conduct business in Utah.

63. As a proximate result of the intentional, negligent, or reckless conduct of the Defendants, the Petersons are threatened with the eminent loss of their property.

64. Unless enjoined, the Petersons will suffer irreparable harm and will not have an adequate remedy at law.

65. As a proximate result of the Defendants' actions, the Petersons have suffered, and will continue to suffer injury.

## VII.   SLANDER OF TITLE

66. Pleading in the alternative, Plaintiffs adopt the foregoing paragraphs one (1) through sixty-five (65) fully herein as if repeated verbatim with respect to the cause of action of Slander of Title.

67. The Defendants have caused to be recorded various documents at the Millard County Recorder's Office that have impaired the Petersons' title to the Property which constitutes slander of title.

68. The Plaintiffs have suffered injury because of such recordings.

## VIII.   BREACH OF FIDUCIARY DUTY

69. Pleading in the alternative, Plaintiffs adopt the foregoing paragraphs one (1) through sixty-nine (69) fully herein as if repeated verbatim with respect to the cause of action of Breach of Fiduciary Duty.

70. Upon receipt of the Petersons' ANPAC insurance funds, a trust relationship, whether express, implied, or one created by operation of law in the form of a constructive trust was created, with BoA owing a fiduciary duty to those parties who had an interest in the funds.

71. BoA was given express notice that all the Plaintiffs claimed an interest in at least part of the funds it was entrusted. Such notice was given by the parties being named payee on the drafts and with the letters that accompanied the checks when they were supplied to BoA.

72. Accordingly BoA owed a fiduciary duty to the Plaintiffs.

73. BoA breached that fiduciary duty by: failing to handle the funds in a reasonable manner, failing to following instructions of the Petersons who were the rightful owners of the funds, failing to safeguard the funds, failing to protect the lien claimant Anderson Law Center, P.C., failing to deliver funds to which BoA had no legal claim.

74. As a result of BoA's breach of its fiduciary duty, the Plaintiffs have suffered injury.

## IX.   UNJUST ENRICHMENT

75. Pleading in the alternative, Plaintiffs adopt the foregoing paragraphs one (1) through seventy-five (75) fully herein as if repeated verbatim with respect to the cause of action of Unjust Enrichment.

76. BoA has now been in possession of the insurance funds for over 10 weeks. During that time BoA has enjoyed the time value of those funds including the interest the funds are drawing while residing in a bank account and Defendant's ability to loan the funds and collect interests and fees from such service.

77. BoA's enrichment is at the direct expense of the Plaintiffs' as they should be the ones enjoy those benefits of the funds. Accordingly, BoA's enrichment is unjust.

78. Plaintiffs have suffered injury as a result of BoA's unjust enrichment at their expense.

## X.   INJUNCTIVE RELIEF

79. Pleading in the alternative, Plaintiffs adopt the foregoing paragraphs one (1) through seventy-eight (78) fully herein as if repeated verbatim with respect to the cause of action of Injunctive Relief.

80. Accompanying this Complaint is Plaintiffs' Application for ex parte Temporary Restraining Order seeking to enjoin Defendants, their agents or servants, and employees from taking any action seeking to foreclose the Property including but not limited to selling or instructing or cooperating with the trustee named in the Deed of Trust.from selling the property. Plaintiffs ask that such motion be granted to prevent irreparable harm to which a there would not be an adequate remedy at law.

81. Due to the impending trustee sale date of November 4, 2010, there was not enough time to serve notice on Defendants and hold a hearing prior to the application for a Temporary Restraining Order.

82. Furthermore, following notice to the Defendants and an opportunity for them to be heard, Plaintiffs request the court further exercise its equitable powers in the form of a preliminary injunction to continue enjoinment of foreclosure, and require BoA deposit the insurance proceeds in the amount of $84,026.16 with the court until the court can make a final ruling regarding its proper distribution.

83. Defendants can have no greater interest in the Petersons' insurance funds than its claim under the BoA Loan. It is impossible that this amount can be greater than the total of the amount of the Petersons' money that BoA currently has in its possession.

84. There can exist no justification for BoA's delay in paying off the loan, stopping its foreclosure efforts, or returning the insurance funds to which it has no legal claim.

85. Therefore, Plaintiffs are likely to succeed on the merits of this action.

86. Unless the requested injunctions are issued, Plaintiffs will suffer imminent and irreparable injury and harm for which there is no other adequate remedy at law.

87. Plaintiffs request that the court grant a permanent injunction after a trial on the merits, including, if necessary, ordering Defendants to take whatever actions are necessary to clear the title to the Property.

88. This request for injunctive relief is so that justice may be done, not merely for delay. Plaintiffs have performed all conditions precedent and are ready, willing, and able to perform such equitable acts as the court deems necessary.

## XI.   DAMAGES

89. The Plaintiffs have suffered substantial damages as a direct and proximate result of the above said wrongful acts and/or omissions of the Defendants far in excess of $10,000. The Petersons have suffered injury and damages including, but not limited to, loss of reputation, loss of self esteem, and severe mental anguish and emotional distress in the past and in the future.  The Petersons have also suffered loss of credit reputation in the past and loss of credit reputation in the future as well as other damages. Anderson Law Center, P.C. has lost the benefit of prompt payment for costs expended and fees earned. Both Plaintiffs have incurred costs and fees in their efforts to resolve this matter short of

seeking the assistance of this court.

XII.   **EXEMPLARY DAMAGES**

90. The wrongful acts and/or omissions of the Defendants were committed intentionally, knowingly, maliciously, wantonly and willfully, and in conscious disregard of the well established rights of the Plaintiffs.  The conduct of the Defendants was of such a nature that it gives rise to liability for exemplary damages under applicable law in that the harm it caused to the Plaintiffs resulted from fraud, malice and/or gross negligence. The Plaintiffs pray for exemplary damages in an amount determined to be appropriate by the jury in this case.

XIII.   **PRAYER**

**WHEREFORE, Plaintiffs request that:**

91. A temporary restraining order and temporary injunction be entered, restraining Defendants, their agents, servants, and employees from foreclosing on Plaintiffs' Property and requiring that insurance funds be deposited with this court.

92. Damages and punitive damages be assessed against Defendants for breach of contract, fraudulent misrepresentation, wrongful foreclosure, slander of title, breach of fiduciary duty, and unjust enrichment.

93. Plaintiffs recover costs of suit and attorney fees.

## XIV.   **DEMAND FOR JURY TRIAL**

95. Plaintiffs demand a trial by jury on all claims and issues so triable.


DATED this _27_ day of October, 2010.


Anderson Law Center, P.C.


_Todd Anderson_
Todd Anderson
Attorney for the Plaintiffs

## VERIFICATION

Tyle Peterson and Callie Peterson, being first duly sworn and under oath, deposes and says that Tyle Peterson and Callie Peterson are the Plaintiffs in the above-entitled action; that Tyle Peterson and Callie Peterson have read the foregoing Complaint and understands the contents thereof, and the same is true of Tyle Peterson's and Callie Peterson's own knowledge.

_____
Callie Peterson

_____
Tyle Peterson

State of Utah          )
                       )          ss:
County Of Millard      )

Callie Peterson appeared before me on  _10/27/10_  (date), with satisfactory evidence to prove to me Callie Peterson's identity. Callie Peterson then signed this document in my presence and affirmed that Callie Peterson had read this document and understood its contents and that the contents were true to Callie Peterson's personal knowledge.

_____
Notary Public

DEBRA L HAVERON
NOTARY PUBLIC • STATE of UTAH
192 NORTH 100 WEST
DELTA, UT 84624
COMM. EXP. 04-25-2011

State of Utah      )
                        )     ss:
County Of Millard   )

Tyle Peterson appeared before me on _____10/27/10_____ (date), with satisfactory evidence to prove to me Tyle Peterson's identity. Tyle Peterson then signed this document in my presence and affirmed that Tyle Peterson had read this document and understood its contents and that the contents were true to Tyle Peterson's personal knowledge.

> DEBRA L HAVERON
> NOTARY PUBLIC • STATE of UTAH
> 192 NORTH 100 WEST
> DELTA, UT 84624
> COMM. EXP. 04-25-2011

_Debra L. Haveron_
Notary Public

**EXHIBIT A**



ANDERSON LAW CENTER, P.C.

www.deltaattorney.com
andersonlawcenter@deltaattorney.com

P.O. Box 183
54 South 300 East
Delta, UT 84624

P: 435.864.4357
F: 435.864.4358

June 18, 2010

Bank of America
Mortgage Servicing
Fax No. 805-520-5019

     Re.:   *Loan No. 140491867; Tyle C. and Callie Peterson*
           *Our File No. 1350*

To Whom It May Concern,

    I have been retained by Tyle and Callie Peterson to assist them in all matters relating to real property that was damaged by flooding. It is my understanding that to secure repayment of the above referenced loan, Bank of America maintains an interest this same property. I have enclosed with this letter a Limited Power of Attorney executed by the Petersons authorizing me to discuss and deal in all matters relating to this loan. Also included an IRS W9 form for your reference.

    The current state of affairs is as follows. The property consists of a dwelling which the Petersons had previously been leasing out. During a brief vacancy of tenant, the home experienced a pluming failure that went undetected for some time and the home and crawlspace were heavily flooded. In addition to extensive damage to the interior of the home, the water caused the foundation to sink into the earth. For example, the floor of the home now varies over eight inches, half of the drywall and plaster has been removed by the restoration contractor, the other half is cracked, and the vinyl siding and metal roofing is warped.

    The insurer of the property is American National Property & Casualty, Co. ("company"). A claim has been made and the company has admitted its liability. The current dispute is the value of the damage. I have presented the company two estimates from two different contractors. Both contractors made it clear that the house is basically

unsalvageable and the damage exceeds the policy limit. Despite this, the company has severely under assessed the claim. The company has tried nearly every stall tactic available and even deducted "depreciation" which is expressly prohibited by their own policy. I intend to ultimately hold the company accountable but in the mean time, the Petersons financially suffer.

This event has put an undue financial strain on the Petersons. They are without means to begin reconstruction when it is known upfront there are insufficient insurance funds available to finish the project. I understand there has already been one forbearance applied to this loan, but it appears that they may require further understanding and assistance from Bank of America to allow this claims process to run its course. It is for this purpose that I write this letter.

I understand that in these situations insurance proceeds are generally used to repair the damaged property. However, as mentioned, the damage exceeds the limits available and the Petersons are without resources to make-up the short fall. The Petersons' goal is to secure the insurance proceeds they are entitled, pay off the loan connected to the property, and use the remainder to have the dwelling demolished and removed. I am hopeful that Bank of America will work with the Petersons and allow them to reach their goal.

I have in my possession checks from the company totaling $51, 949.71. My client informs me that her current 30 day pay off is $63.169.35. I would propose having the entirety of these funds applied to the principal of the loan. If this were done, repayment to Bank of America would remain firmly secured. The property is much larger than the area dedicated to the damaged dwelling and has numerous other improvements. Mr. Peterson's operates a show pig operation on the property and has constructed other pens/corrals, farrowing and feed storage barns and so on. It is also my estimation that the dispute with the company will ultimately be resolved and that other insurance proceeds will be forwarded to Bank of America to completely satisfy the note. Until then, the Peterson will have some relief in that their liability will be greatly reduced and their payments will go further towards satisfying the loan.

I believe this proposal is mutually beneficial to both Bank of America and my clients. Please contact me so that we can discuss the Peterson's loan and possible options to resolve this matter and allow the Peterson to fully pursue their claims against the company.

Sincerely,
Anderson Law Center, P.C.

Todd F. Anderson

**American National Property & Casualty Co**
Corporate Centre    1949 East Sunshine
Springfield, Missouri 65899-0001

**000002424353**

Date: 03-17-2010

ANPAC
CLAIMS LOSS PAID

**EXHIBIT B**

41,361.81 REVISED ESTIMATE
0,412.79 RECOVERABLE DEPRECIATION
1,000.00 DEDUCTIBLE
8,793.92 PRIOR DWELLING PAYMENT
------
21,155.10

| Coverage | Amount |
|---|---|
| 46 | $21,155.10 |

YMENT FOR HOME OR RENTAL OWNER POLICY COVERAGE A

Check Total    $21,155.10

l To
TYLE C PETERSON
4118 W 2000 S
DELTA, UT 84624-7967

|||||||||||||||||||||||||||||||||||||||

| | |
|---|---|
| Claim Number | 43-D-21F105-R |
| Policy Number | 43-D-14108H-4 |
| Date of Loss | 12-13-09 |
| Representative | 873    TOMMY A. UTZMAN |
| Issuing OCR | 873    TOMMY A. UTZMAN |
| Insured | PETERSON, TYLE C & CALLIE |
| Agent | BLISS, REGGIE R |
| | D4362    1-DSI |
| CAT Number | |
| Cause of Loss | 35    P13  873 |

Detach and Retain this Statement

---

**American National Property & Casualty Co**
Corporate Centre    1949 East Sunshine
Springfield, Missouri 65899-0001

**000002441649**

Date: 05-12-2010

ANPAC
CLAIMS LOSS PAID

1,345.17 REVISED ESTIMATE
0,795.46 RECOVERABLE DEPRECIATION
,000.00 DEDUCTIBLE
9,949.02 PRIOR DWELLING PAYMENTS TO DATE
-----
0,600.69

| Coverage | Amount |
|---|---|
| 46 | $20,600.69 |

YMENT FOR HOME OR RENTAL OWNER POLICY COVERAGE A

Check Total    $20,600.69

l To
TYLE C PETERSON
4118 W 2000 S
DELTA, UT 84624-7967

|||||||||||||||||||||||||||||||||||||||

| | |
|---|---|
| Claim Number | 43-D-21F105-R |
| Policy Number | 43-D-14108H-4 |
| Date of Loss | 12-13-09 |
| Representative | 873    TOMMY A. UTZMAN |
| Issuing OCR | 873    TOMMY A. UTZMAN |
| Insured | PETERSON, TYLE C & CALLIE |
| Agent | BLISS, REGGIE R |
| | D4362    1-DSI |
| CAT Number | |
| Cause of Loss | 35    P13  873 |

Detach and Retain this Statement

**American National Property & Casualty Co**
Corporate Centre    1949 East Sunshine
Springfield, Missouri 65899-0001

000002417526

Date:    02-24-2010

14,959.56 DWELLING REPAIRS
5,165.64 LESS RECOVERABLE
0.00 LESS NON-RECOVERABLE
9,793.92 ACV LOSS
1,000.00 LESS DEDUCTIBLE
8,793.92 ACV CLAIM

ANPAC
CLAIMS LOSS PAID

| Coverage | Amount |
|---|---|
| 46 | $8,793.92 |

PAYMENT FOR HOME OR RENTAL OWNER POLICY COVERAGE A

Check Total    $8,793.92

Mail To    TYLE C PETERSON
4118 W 2000 S
DELTA, UT  84624-7967

|||
|---|---|
| Claim Number | 43-D-21F105-R |
| Policy Number | 43-D-14108H-4 |
| Date of Loss | 12-13-09 |
| Representative | 873    TOMMY A. UTZMAN |
| Issuing OCR | 873    TOMMY A. UTZMAN |
| Insured | PETERSON, TYLE C & CALLIE |
| Agent | BLISS, REGGIE R |
| CAT Number | D4362    1-DSI |
| Cause of Loss | 35    P13  873 |

Detach and Retain this Statement

---

**American National Property & Casualty Co**
Corporate Centre    1949 East Sunshine
Springfield, Missouri 65899-0001

000002474402

Date:    08-10-2010

87,932.04 AGREED SETTLEMENT ON DWELLING
54,455.59 PRIOR PAYMENTS

33,476.45

ANPAC
CLAIMS LOSS PAID

| Coverage | Amount |
|---|---|
| 46 | $33,476.45 |

PAYMENT FOR HOME OR RENTAL OWNER POLICY COVERAGE A

Check Total    $33,476.45

27-0986131  EMPLOYER ID

Mail To    MR TODD ANDERSON
PO BOX 183
DELTA, UT  84624-0183

|||
|---|---|
| Claim Number | 43-D-21F105-R |
| Policy Number | 43-D-14108H-4 |
| Date of Loss | 12-13-09 |
| Representative | 411    TOMMY A. UTZMAN |
| Issuing OCR | 048    SUE M. MUNDELL |
| Insured | PETERSON, TYLE C & CALLIE |
| Agent | BLISS, REGGIE R |
| CAT Number | D4362    1-DSI |
| Cause of Loss | 35    P13  411 |

Detach and Retain this Statement

**EXHIBIT C**

Tyle Peterson and Callie Peterson
c/o Anderson Law Center, PC
PO Box 183
Delta, UT 84624
(T) 435-864-4357
(F) 435-864-4358
todd@deltaattorney.com

August 13, 2010

Bank of America
CA6-919-02-45
400 National Way
Simi Valley, CA93065

Re.:   *Loan No. 140491867-2; Tyle C. and Callie Peterson*
*Property Address: 4080 West 200 South, Hinckley, UT 84635*
***Supply of Insurance Proceeds and Instructions For Their Use***

To Whom It May Concern,

Enclosed with this letter are the following checks:
- o   No. 2424353 in the amount of $21,155.10
- o   No. 2441649 in the amount of $20,600.69
- o   No. 2417526 in the amount of $8,793.92, and
- o   No. 2474402 in the amount of $33,476.45

These checks are payable to the order of Bank of America and Tyle Peterson and Callie Peterson and Anderson Law Center, P.C..

### Acknowledgment of Bank of America as Lien Claimant

We have properly endorsed the checks for payment and are surrendering them to Bank of America for the purpose of satisfying its lien to those insurance proceeds in connection with the above referenced loan number and mortgage on real property. The insured dwelling attached to the subject property is beyond repair and we do not intend for it to be rebuilt. **Accordingly, we are providing the funds for the purpose of paying the loan in full and do not intend for the funds to be used to repair the property.**

**Instruction No. 1**: Please apply that portion of the supplied funds sufficient to satisfy the lien held by Bank of America resulting from loan no. 140491867-2 in the name of Tyle Peterson or Callie Peterson and its accompanying deed of trust. I was informed via facsimile that the payoff of this loan was $64,920.40, and this calculation was good through 8/16/2010. It is our expectation and understanding that payoff should be at that amount if this letter is received before 8/16/2010, and only slightly different if received after. Please contact my legal counsel, Todd F. Anderson of Anderson Law Center, if your calculations show payoff as being significantly different.

### Acknowledgment of Anderson Law Center, P.C. as Lien Claimant

We have granted to Anderson Law Center, P.C. a secondary lien in the supplied funds.

**Instruction No. 2:** Once the lien held by Bank of America has been satisfied, return any and all remainder of the supplied funds to my legal counsel, Anderson Law Center, P.C. of Delta, UT along with:

1. An accounting of that amount applied to Bank of America Loan No. 140491867.
2. A properly executed release of lien including notice that such has been recorded with the Millard County Recorder's Office.

### Summary of Instruction

In summary, we are supplying the enclosed funds to:

1. Pay of our loan in full and secure a lien release from Bank of America; and then
2. Any and all remaining funds are to be forwarded to our legal counsel, along with a lien release, an accounting, and any other documentation relating to the closing of our loan.

Please contact our legal counsel, Todd F. Anderson of Anderson Law Center, P.C. should you have any questions regarding the foregoing.

Sincerely,


_____                    _____
Tyle Peterson                                    Callie Peterson
Date:_____                     Date:_____


Prepared By: _____

Todd Anderson (Utah Bar #12432)
Anderson Law Center, P.C.
PO Box 183
54 South 300 East
Delta, UT 84624
Telephone: 435-864-4357
Facsimile: 435-864-4358
todd@deltaattorney.com

*Legal Counsel for Tyle Peterson and Callie Peterson*



www.deltaattorney.com
andersonlawcenter@deltaattorney.(

**EXHIBIT D**

P.O. Box 183
54 South 300 East
Delta, UT 84624

P: 4
F: 435.864.4358

August 13, 2010

Bank of America
CA6-919-02-45
400 National Way
Simi Valley, CA 93065

Re.:  *Loan No. 140491867-2; Tyle C. and Callie Peterson*
*Property Address: 4080 West 200 South, Hinckley, UT 84635*
*Our File No. 1350*

## NOTICE OF LIEN CONTAINED HEREIN

To Whom It May Concern,

Based on a telephone conversation I had with a Bank of America Representative, I have enclosed with this letter the following documents and items:

- The following checks payable to the order of Tyle Peterson and Callie Peterson and Bank of America totaling
  - No. 2424353 in the amount of $21,155.10
  - No. 2441649 in the amount of $20,600.69
  - No. 2417526 in the amount of $8,793.92, and
  - No. 2474402 in the amount of $33,476.45
- Statement of Instruction/Acknowledgment of Lien from Tyle Peterson and Callie Peterson regarding the handling of the above referenced monies.
- Southwest Adjusters Report regarding the subject property
- Estimate prepared by S.R. Pratt Construction regarding the subject property

Briefly stated, the subject property was severely damaged by plumbing flooding in approximately December 2009. I was retained by the Petersons to pursue their claim

against American National Property & Casualty Co. After eight months of negotiation, the claim has recently settled and a portion of those settlement proceeds are enclosed and referenced above. As a first lien claimant to the property and the insurance policy, Bank of America was listed as a payee on the checks enclosed. The checks have been properly endorsed by or for Tyle Peterson and Callie Peterson (collectively "the Petersons"), and Anderson Law Center, P.C. (secondary lien claimant to the funds).

Enclosed is written instruction from the Petersons. The total of the enclosed checks should be sufficient to pay off the loan associated with the subject property. To reiterate those instructions, the funds are to be used first, to pay off the loan in its entirety; and second, to be returned to my office to satisfy a lien on the funds held by Anderson Law Center, P.C. and other claimants.

**PLEASE TAKE NOTICE: Pursuant to a voluntary grant from Tyle Peterson and Callie Peterson, Anderson Law Center, P.C. claims a lien on the funds reference above and enclosed herein.**

**Any remainder after the above referenced loan is paid in full and Bank of America's lien is satisfied should be returned to Anderson Law Center, P.C.**

I have also enclosed an Appraisal Report and Estimate used by ANPAC and the Petersons, through their counsel, to settle the property damage insurance claim. It was and remains the Petersons' position that the dwelling was damaged beyond reasonable repair and complete reconstruction would be required. The applicable policy limits and ultimate settlement were insufficient to complete new construction and thus the Petersons are electing to pay off the mortgage held by Bank of America and demolish the structure instead.

Should you have any questions regarding this letter or any of its enclosures, please contact my office.

Sincerely,
Anderson Law Center, P.C.


Todd F. Anderson

We, Tyle Peterson and Callie Peterson, have read, acknowledged and approve the foregoing:

_____
Tyle Peterson
Date:_____

_____
Callie Peterson
Date:_____

**EXHIBIT E**

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

   Bank of America
   CA6-919-02-45
   400 National Way
   Simi Valley, CA93065

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X                                    ☐ Agent
                                        ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☒ No

3. Service Type
   ☒ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)   ED 892 926 377 US

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

EXHIBIT F

**Bank of America**

**Home Loans**

*Payoff Department, Mail Stop TX2-981-03-13*
*7105 Corporate Drive*
*Plano, TX 75024-4100*

| | | |
|---|---|---|
| **From:** | Name: | NBKJOFP |
| **To:** | Name: | Mrs Peterson |
| | Fax Number: | 1-435-864-6678 |
| | Voice Phone: | |

| | | |
|---|---|---|
| Number of pages including this cover page: | 3 | |
| Date and time of transmission: | August 11, 2010 | |

**IMPORTANT MESSAGE REGARDING PROPERTY LOCATED AT:**
4080 West 2000 South

The following pages contain the requested payoff information and instructions.

In an effort to expedite and more efficiently process your payoff request, please follow the four easy steps below:

1. Write the loan number and borrower's name or property address on the check (ex. XXXX-X, Smith)

2. Place the payoff check on top of any accompanying support documents.

3. Do not staple the actual check to any accompanying support documents.

4. All correspondence and requests for **release documents** should be sent to:

Customer Service
CA6-919-01-41
PO Box 5170
Simi Valley, CA 93062-5170

**Do NOT send payoff funds to this address.**

If there is an error with this transmission, or it is incomplete, please call 1-800-669-6607 for assistance.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND DESTROY THIS DOCUMENT.
THANK YOU.

DMDFAXCR 7451 06/15/2007



**Bank of America**
**Home Loans**

*Payoff Department, Mail Stop TX2-981-03-13*
*7105 Corporate Drive*
*Plano, TX 75024-4100*

# PAYOFF DEMAND STATEMENT

| | |
|---|---|
| **Statement Void After August 16, 2010** | |

Statement Date
August 10, 2010

**BAC Home Loans Servicing, LP**
**Loan No.:    140491867-2**

**Name & Property Address:**
Tyle C & Callie Ann Peterson
4080 West 2000 South
Hinkley, UT 84635

Mrs Peterson
Na
Na
Na 84635

Faxed to:      1-435-864-6678

## This loan is in Foreclosure.

The expiration of this demand is the sooner of the above Void After date or the foreclosure sale date.

(C/PMI-15YR)

| | | |
|---|---|---|
| **PAYOFF CALCULATION** | Principal Balance as of 11/01/2009 | $61,286.60 |
| | Interest from 11/01/2009 to 08/16/2010 | 3,212.01 |
| | County Recording Fee | 10.00 |
| | Uncollected Late Charges | 126.24 |
| | Fees Due | 50.50 |
| | Additional Fees and Costs | 374.56 |
| | Escrow Balance Due | 185.83 |
| | Less: Partial Payment Balance | 355.34 - |
| Total Amount Required to Release Lien (As of August 16, 2010) | | $64,890.40 |
| | Expedited Payoff Service Fee | 30.00 |
| **Total Amount Due** | | **$64,920.40** |

*AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE AUGUST 16, 2010.*

To provide you with the convenience of an extended 'Statement Void After' date, the Total Amount Due may include estimated fees, costs, additional payments and/or escrow disbursements that will become due prior to the 'Statement Void After' date, but which are not yet due as of the date this Payoff Statement is issued. You will receive a refund if you pay the Total Amount Due and those anticipated fees, expenses, or payments have not been incurred.

## INTEREST CALCULATIONS

For all full month payment periods, interest is calculated on a monthly basis. Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, irrespective of the actual number of days in the month. For partial months, interest is calculated daily on the basis of a 365 day year.

Adjustable rate mortgage loans may have more than one interest rate in effect during the period in which this demand statement applies. Amended demand statements are sent automatically if the total amount due increases before August 16, 2010.

| Daily Interest[1] | From | To | Interest rate |
|---|---|---|---|
| 11.1239 | 08/01/2010 | 08/16/2010 | 6.6250 |

[1]Daily Interest = Principal Balance x Interest Rate ÷ 365

## PAYOFF INSTRUCTIONS

Payoff funds must be made payable to BAC Home Loans Servicing, LP and will be accepted by WIRE or CERTIFIED FUNDS

ONLY. They MUST reference the BAC Home Loans Servicing, LP loan number, property address and borrower's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or the return of the funds to the remitter. Funds received after 4:00 p.m. Central Time may be posted the following business day.

|  |  |
|---|---|
| **Wire Funds to:** | **Mail CERTIFIED Funds to:** |
| Beneficiary Bank: Bank of America | BAC Home Loans Servicing, LP |
| ABA Routing #: 0260-0959-3 | Attention: Payoff Department, Mail Stop TX2-981-03-13 |
| Beneficiary Acct Name: MRC | 7105 Corporate Drive |
| MRC Account #12356-19173 | Plano, TX 75024-4100 |
| Reference: Tyle C & Callie Ann Peterson | |
| Loan Number: 140491867-2 | |

**PLEASE DO NOT SEND CERTIFIED FUNDS TO THE WIRE FUNDS INSTRUCTIONS ABOVE AS CERTIFIED FUNDS MUST BE PROCESSED IN OUR PAYOFF DEPARTMENT.**

This communication is from BAC Home Loans Servicing, LP, the Bank of America company that services your home loan.

Please call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.
See following page for important information.          S310L1 11944 03/30/2010

| BAC Home Loans Servicing, LP<br>Loan No: 140491867-2 | Statement Date:<br>August 10, 2010 | Statement Void After:<br>August 16, 2010 |
|---|---|---|

The following escrow items may be disbursed prior to our receipt of payoff funds:

| ESCROW<br>ACCOUNT<br>INFORMATION | Escrow Item | Last Pmt Date | Last Pmt Amt | Next Due Date |
|---|---|---|---|---|
| | Hzd:American Natl Prop And Cas | 10/06/2009 | 433.00 | 11/01/2010 |
| | County Tax | 11/24/2009 | 986.00 | 11/01/2010 |

## IMPORTANT INSTRUCTIONS ON PAYMENT OF SHORTAGE

If the payoff amount actually received by BAC Home Loans Servicing, LP to pay off your loan is insufficient to pay the amount due as described in this statement, we may treat your payment as an instruction to deduct the shortage from any refund you would receive of monies from your escrow account. We will not do this, however, if (i) the shortage is greater than $2,000.00, or (ii) you have instructed us not to do so. You may contact our Customer Service Department for this purpose at 1-800-669-6607.

## AUTOMATIC PAYOFF UPDATES

BAC Home Loans Servicing, LP provides free estimated payoff information through an automated telephone system at 1-800-669-5833, if all payoff figures are available. You have elected to purchase BAC Home Loans Servicing, LP's written expedited payoff service, for a charge of $30.00, which includes free automatic updates through the expiration of the demand. **The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument.** If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement, if allowed by applicable law.

## PAYOFF OVERAGES

If BAC Home Loans Servicing, LP receives funds greater than the amount required to pay off your loan, we will automatically process the overage within 14 days after payoff and return the excess amount to you. If an address change is being submitted on behalf of the borrower, the form MUST be signed by the borrower for the address change to take effect.

## BANKRUPTCY DISCHARGE

If you have received a discharge of this debt in a bankruptcy, you have no personal obligation to repay this debt. However, the lender may still foreclose on your property if the debt is not paid as required by the loan documents. This payoff statement is provided at your request and for your convenience. This is not an attempt to collect a debt that has been discharged, nor a demand for payment.

## ADDITIONAL INFORMATION

The payoff amount indicated in this statement is subject to change for various reasons, including but not limited to the following:

* We may not have posted a recently submitted payment; (Please DO NOT place a stop payment on any check.)
* A fee may be assessed if a payment is returned unpaid by your financial institution for any reason;
* Additional or anticipated fees and costs may be incurred relating to collection, foreclosure, bankruptcy, or other defaults on your loan;
* Adjustments may be required to reflect disbursements made by, or payments owed to, your prior lender if the servicing of your loan was transferred to BAC Home Loans Servicing, LP;
* Late charges may be assessed for delinquent payments received after: 08/16/2010;
* Funds may be deducted from your escrow account to pay taxes, insurance or other escrow items that become due.

Automated Payoff Request Line: 1-800-669-5833                    Fax: 1-888-836-8714

Nota: Si necesita la información incluida en la Demanda de Liquidación traducida al español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-669-6607.

**EXHIBIT G**

SERVED OF

Posted

4118 W 2900S Hinckley

## NOTICE OF TRUSTEE'S SALE

1st day of Oct

2010, at the hour of 1230

The following described property will be sold at public auction to the highest bidder, payable in lawful money of the United States at the time of the sale, "at the Main Entrance, Millard County Courthouse, 765 South Highway 99, Fillmore, Utah", on November 4, 2010, at 1:00 PM, of said day, for the purpose of foreclosing a trust deed dated June 26, 2006 and executed by TYLE C PETERSON, AND CALLIE ANN PETERSON, HUSBAND AND WIFE AS JOINT TENANTS, as Trustor(s) in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as Beneficiary, covering the following real property located in Millard County:

### SEE ATTACHED LEGAL

Together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.

**Tax Parcel No.: HD-4290-G-1**

The address of the property is purported to be 4080 WEST 2000 SOUTH, HINKLEY, UT 84635. The undersigned disclaims liability for any error in the address. The current Beneficiary of the trust deed is BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, and the record owners of the property as of the recording of the notice of default is reported to be TYLE C PETERSON, AND CALLIE ANN PETERSON, HUSBAND AND WIFE AS JOINT TENANTS.

Bidders must be prepared to tender to the trustee, RECONTRUST COMPANY, N.A., $5,000.00 at the sale and the balance of the purchase price by 12:00 noon the day following the sale and deliverable to: Matheson, Mortensen, et al., 648 East First South, Salt Lake City, UT 84102. Both payments must be in the form of a cashier's check or money order and made payable to RECONTRUST COMPANY, N.A., cash and Bank "Official Checks" are not acceptable. A trustee's deed will be made available to the successful bidder within three business days following receipt of the bid amount. The sale is made without any warranty whatsoever, including but not limited to any warranty as to title, liens, possession, taxes, encumbrances, or condition of the property. The sale is subject to a workout reinstatement, payoff, sale cancellation or postponement, incorrect bidding instructions, bankruptcy, or any other circumstance of which the trustee is unaware. In the event any of the foregoing apply, the sale will be void and the successful bidder's funds will be returned without any liability to the trustee or beneficiary for interest or any other damages.

**NOTICE IS HEREBY GIVEN THAT RECONTRUST COMPANY, N.A. IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, AND THAT THE DEBT MAY BE DISPUTED.**

Dated: September 24, 2010

By:   Pam Davis, Team Member
RECONTRUST COMPANY, N.A.
2380 Performance Dr, TX2-984-0407
Richardson, TX 75082
(800) 281-8219 x3436
Regular Business Hours: Monday – Friday,
8:00a.m. to 5:00p.m., Central Time
TS#: 10 -0073394

21982

**ReconTrust**

contact us | about us | FAQ |

| home | default services | financial assistance programs |

home > upcoming sales > search results

## Real Estate Foreclosures

**Search Again**

From:
$ 0

To:
$ 10000000

[Search]

**Search Again by TS#**

TS#:
$ 

[Search]

### Search Results

We use our best efforts to include accurate and up to date information on this site. However, no warranties or guarantees are given regarding the completeness or accuracy of any information provided below, as this information is subject to change and is not always updated. The date, time and place of the sale as indicated below is subject to change without notice herein. Neither ReconTrust Company, its employees, its agents or any affiliates will be liable for any loss you or others sustain in relying upon this information.

Back to Previous Page

| Property Address | Opening Bid Amount | Place of Sale | Date of Sale | Make checks payable to |
|---|---|---|---|---|
| 4080 WEST 2000 SOUTH HINKLEY , UT 84635 Millard County TS # : 2010-73394 | Bid Not Available | at the Main Entrance, Millard County Courthouse, 765 South Highway 99, Fillmore, Utah | 11/4/2010 1:00:00 PM | RECONTRUST COMPANY |
| 810 WEST 50TH STREET HINCKLEY , UT 84635 Millard County TS # : 2010-62389 | Bid Not Available | at the Main Entrance, Millard County Courthouse, 765 South Highway 99, Fillmore, Utah | 11/4/2010 1:00:00 PM | RECONTRUST COMPANY |
| 90 WEST 600 NORTH FILLMORE , UT 84631 Millard County TS # : 2010-78597 | Bid Not Available | at the Main Entrance, Millard County Courthouse, 765 South Highway 99, Fillmore, Utah | 11/23/2010 1:00:00 PM | RECONTRUST COMPANY |
| 389,391,393 & 395 EAST 400 SOUTH DELTA , UT 84624 Millard County TS # : 2010-89405 | Bid Not Available | at the Main Entrance, Millard County Courthouse, 765 South Highway 99, Fillmore, Utah | 12/9/2010 1:00:00 PM | RECONTRUST COMPANY |

contact us | about us | FAQ | privacy & security

ReconTrust Company, N.A. is a wholly-owned subsidiary of Bank of America, N.A.
Bank of America, N.A. Member FDIC. Equal Housing Lenders ⌂ Some products may not be available in all states.

© 2009 Bank of America Corporation. All rights reserved.

The information on this web site regarding foreclosures in process and foreclosure sale dates and times is provided as a courtesy only. It may not be the most current information available as these dates and times can change. In addition, unaffiliated companies or web sites may report on ReconTrust's business activities. For the most current information regarding ReconTrust's business, please contact the servicers, trustees, or other contacts listed in any written notices you may have received or contact ReconTrust directly at (800) 281-8219 or by mail at 1600 Tapo Canyon Road, Simi Valley, CA 93063.



**Bank of America**

**Home Loans**

*Payoff Department, Mail Stop TX2-981-03-13*
*7105 Corporate Drive*
*Plano, TX 75024-4100*

**EXHIBIT I**

## From:

| | |
|---|---|
| Name: | NBKJOFP |

## To:

| | |
|---|---|
| Name: | Attn: Jessica Anderson |
| Fax Number: | 1-435-864-4358 |
| Voice Phone: | |

| | |
|---|---|
| **Number of pages including this cover page:** | 3 |
| **Date and time of transmission:** | October 5, 2010 |

---

**IMPORTANT MESSAGE REGARDING PROPERTY LOCATED AT:**
4080 West 2000 South

The following pages contain the requested payoff information and instructions.

In an effort to expedite and more efficiently process your payoff request, please follow the four easy steps below:

1. Write the loan number and borrower's name or property address on the check (ex. XXXX-X, Smith)

2. Place the payoff check on top of any accompanying support documents.

3. Do not staple the actual check to any accompanying support documents.

4. All correspondence and requests for **release documents** should be sent to:

Customer Service
CA6-919-01-41
PO Box 5170
Simi Valley, CA  93062-5170

**Do NOT send payoff funds to this address.**

If there is an error with this transmission, or it is incomplete, please call 1-800-669-6607 for assistance.

---

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND DESTROY THIS DOCUMENT.
                                                                        THANK YOU.

DMDFAXCR 7451 06/15/2007

**Bank of America**
Home Loans

**PAYOFF DEMAND STATEMENT**

Payoff Department, Mail Stop TX2-981-03-13
7105 Corporate Drive
Plano, TX 75024-4100

Attn: Jessica Anderson
X
X
Xx 99999

**Statement Void After**
**October 18, 2010**

Statement Date
October 4, 2010

**BAC Home Loans Servicing, LP**
**Loan No.:    140491867-2**

Name & Property Address:
Tyle C & Callie Ann Peterson
4080 West 2000 South
Hinkley, UT 84635

Escrow #                    X
Faxed to:      1-435-864-4358

## This loan is in Foreclosure.

The expiration of this demand is the sooner of the above Void After date or the foreclosure sale date.

(C/PMI-15YR)

| PAYOFF CALCULATION | | |
|---|---|---:|
| | Principal Balance as of 11/01/2009 | $61,286.60 |
| | Interest from 11/01/2009 to 10/18/2010 | 3,910.96 |
| | County Recording Fee | 10.00 |
| | Uncollected Late Charges | 126.24 |
| | Fees Due | 50.50 |
| | Additional Fees and Costs | 1,382.56 |
| | Escrow Balance Due | 185.83 |
| | Less: Partial Payment Balance | 355.34 - |
| Total Amount Required to Release Lien (As of October 18, 2010) | | $66,597.35 |
| | Expedited Payoff Service Fee | 90.00 |
| **Total Amount Due** | | **$66,687.35** |

*AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE OCTOBER 18, 2010.*

To provide you with the convenience of an extended 'Statement Void After' date, the Total Amount Due may include estimated fees, costs, additional payments and/or escrow disbursements that will become due prior to the 'Statement Void After' date, but which are not yet due as of the date this Payoff Statement is issued. You will receive a refund if you pay the Total Amount Due and those anticipated fees, expenses, or payments have not been incurred.

### INTEREST CALCULATIONS

For all full month payment periods, interest is calculated on a monthly basis. Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, irrespective of the actual number of days in the month. For partial months, interest is calculated daily on the basis of a 365 day year.

Adjustable rate mortgage loans may have more than one interest rate in effect during the period in which this demand statement applies. Amended demand statements are sent automatically if the total amount due increases before October 18, 2010.

| Daily Interest¹ | From | To | Interest rate |
|---|---|---|---|
| 11.1239 | 10/01/2010 | 10/18/2010 | 6.6250 |

¹Daily Interest = Principal Balance x Interest Rate ÷ 365

### PAYOFF INSTRUCTIONS

Payoff funds must be made payable to BAC Home Loans Servicing, LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY. They MUST reference the BAC Home Loans Servicing, LP loan number, property address and borrower's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or the return of the funds to the remitter. Funds received after 4:00 p.m. Central Time may be posted the following business day.

Wire Funds to:
Beneficiary Bank: Bank of America
ABA Routing #: 0260-0959-3
Beneficiary Acct Name: MRC
MRC Account #12356-19173
Reference: Tyle C & Callie Ann Peterson
Loan Number: 140491867-2

Mail CERTIFIED Funds to:
BAC Home Loans Servicing, LP
Attention: Payoff Department, Mail Stop TX2-981-03-13
7105 Corporate Drive
Plano, TX 75024-4100

**PLEASE DO NOT SEND CERTIFIED FUNDS TO THE WIRE FUNDS INSTRUCTIONS ABOVE AS CERTIFIED FUNDS MUST BE PROCESSED IN OUR PAYOFF DEPARTMENT.**

This communication is from BAC Home Loans Servicing, LP, the Bank of America company that services your home loan.

Please call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.
See following page for important information.        S310L1  11914 03/30/2010

BAC Home Loans Servicing, LP | Statement Date: | Statement Void After:
Loan No: 140491867-2 | October 4, 2010 | October 18, 2010

The following escrow items may be disbursed prior to our receipt of payoff funds:

| ESCROW | Escrow Item | Last Pmt Date | Last Pmt Amt | Next Due Date |
|---|---|---|---|---|
| ACCOUNT | Hzd:Lender Placed Insurance | 10/06/2009 | 433.00 | 02/01/2010 |
| INFORMATION | County Tax | 11/24/2009 | 988.00 | 11/01/2010 |

### IMPORTANT INSTRUCTIONS ON PAYMENT OF SHORTAGE

If the payoff amount actually received by BAC Home Loans Servicing, LP to pay off your loan is insufficient to pay the amount due as described in this statement, we may treat your payment as an instruction to deduct the shortage from any refund you would receive of monies from your escrow account. We will not do this, however, if (i) the shortage is greater than $2,000.00, or (ii) you have instructed us not to do so. You may contact our Customer Service Department for this purpose at 1-800-669-6607.

### AUTOMATIC PAYOFF UPDATES

BAC Home Loans Servicing, LP provides free estimated payoff information through an automated telephone system at 1-800-669-5833, if all payoff figures are available. You have elected to purchase BAC Home Loans Servicing, LP's written expedited payoff service, for a charge of $30.00, which includes free automatic updates through the expiration of the demand. **The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument.** If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement, if allowed by applicable law.

### PAYOFF OVERAGES

If BAC Home Loans Servicing, LP receives funds greater than the amount required to pay off your loan, we will automatically process the overage within 14 days after payoff and return the excess amount to you. If an address change is being submitted on behalf of the borrower, the form MUST be signed by the borrower for the address change to take effect.

### BANKRUPTCY DISCHARGE

If you have received a discharge of this debt in a bankruptcy, you have no personal obligation to repay this debt. However, the lender may still foreclose on your property if the debt is not paid as required by the loan documents. This payoff statement is provided at your request and for your convenience. This is not an attempt to collect a debt that has been discharged, nor a demand for payment.

### ADDITIONAL INFORMATION

The payoff amount indicated in this statement is subject to change for various reasons, including but not limited to the following:

- We may not have posted a recently submitted payment; (Please **DO NOT** place a stop payment on any check.)
- A fee may be assessed if a payment is returned unpaid by your financial institution for any reason;
- Additional or anticipated fees and costs may be incurred relating to collection, foreclosure, bankruptcy, or other defaults on your loan;
- Adjustments may be required to reflect disbursements made by, or payments owed to, your prior lender if the servicing of your loan was transferred to BAC Home Loans Servicing, LP;
- Late charges may be assessed for delinquent payments received after: 10/16/2010;
- Funds may be deducted from your escrow account to pay taxes, insurance or other escrow items that become due.

Automated Payoff Request Line: 1-800-669-5833                                    Fax: 1-888-836-8714

Nota: Si necesita la información incluida en la Demanda de Liquidación traducida al español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-669-6607.